# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSE NEVAREZ,

      Plaintiff,

v.                                                                          No. 1:19-cv-0520-RB-JFR

KIETH SUTTENOLL,

      Defendant.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. 2), filed May 15, 2019 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 1), filed May 15, 2019 ("Complaint").

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case . . . .

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $789.89; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $789.89; and (iv) Plaintiff has $20.00 in a checking account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses equal his monthly income, he is unemployed, and he only has a small amount of money in a bank account.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff's Complaint, which is difficult to understand, and the police reports attached to the Complaint, indicate the following factual background. Plaintiff was attempting to buy a jug of juice at a store, became angry, swore at and attempted to hit a man with the jug of juice. When three employees attempted to escort Plaintiff out of the store, Plaintiff punched one of the employees in the face and attempted to kick other persons. The police arrived and took Plaintiff into custody. Plaintiff states that Defendant is the manager of the store but does not allege that Defendant did anything to Plaintiff. (Compl. at 1, 3.) None of the police reports attached to the Complaint mention Defendant. (*See id.* at 7–29.) Plaintiff indicates he was "falsely charged" and suffered "public humiliation" and "emotional distress." (*Id.* at 3–4.)

Plaintiff's Complaint fails to state a claim pursuant to 42 U.S.C. § 1983, because Defendant is not a state actor and Plaintiff has not alleged that Defendant deprived Plaintiff of a right secured

by federal law or conspired with state actors to violate Plaintiff's federal rights. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"); *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (a plaintiff can state a cognizable § 1983 claim against private citizens if he adequately alleges that the private citizen defendants conspired with state actors to violate his federal rights).

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The Court dismisses Plaintiff's civil rights claim pursuant to 42 U.S.C. § 1983 for failure to state a claim.

The Court, having dismissed the only federal law claim and noting there is no diversity jurisdiction, declines to exercise supplemental jurisdiction over the "public humiliation" and "emotional distress" claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed May 15, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE